UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60039-AHS

UNITED STATES OF AMERICA

vs.

CLEON KIRLEW,

        **Defendant.**
_____/

## UNITED STATES' RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response complies with Local Rule 88.10, and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. There are no written statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

    2. All recorded oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent have been provided.

    3. That portion of the written record containing the substance of any oral statements made by the defendant before or after arrest by any person then known to the defendant to be a government agent has been provided.

    4. The defendant did not testify before the Grand Jury.

    5. The defendant's NCIC record has been provided.

    6. Books, papers, documents, photographs, tangible objects, buildings or places, which the United States intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time for both the United States and defense counsel. *All unredacted computer and phone extractions, as well as any other items that contain child pornography, may be viewed at the FBI Miami Field Office.* The attachments to this discovery response are not necessarily copies of all the books, papers,

documents, etc., that the United States may intend to introduce at trial.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D. The United States will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was identified by the minor victims when they were shown his single photograph.

G. The United States has advised its agents and officers involved in this case to preserve all rough notes.

H. You are on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The United States will order transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No controlled substances are involved in this indictment.

L. The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The United States is not aware of any latent fingerprints or palm prints that have been identified by a government expert as those of the defendant.

N.      The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

O.      The government is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o). While the government and defense counsel have already discussed a timetable and procedures for pretrial discovery via email, should defense counsel wish to discuss these matters further or in person, please contact the undersigned with dates that defense counsel is available.

At the discovery conference, the United States will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

In addition to the request made above by the United States pursuant to both Standing Discovery Order Section B and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the United States hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is set forth in the Indictment.

[SPACE INTENTIONALLY LEFT BLANK]

One (1) USB Jump-Drive has been mailed to the defense which contains the following discovery:

- (1) file titled "302s" (97 files contained therein);
- (1) file titled "Audio Messages" (6 items contained therein);
- (1) file titled "CDR Records" (1 item contained therein);
- (1) file titled "Days Inn Records" (11 items contained therein);
- (1) file titled "Facebook SW Returns" (9 items contained therein);
- (1) file titled "Message Photographs" (11 items contained therein);
- (1) file titled "Recorded Interviews" (2 items contained therein);
- (1) file titled "Search Warrants" (9 items contained therein); and
- (1) file titled "Social Media and Internet Accounts (5 zip files contained therein).

Respectfully submitted,
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:  /s/ *Brooke Elise Latta*
BROOKE ELISE LATTA
Assistant United States Attorney
Florida Bar No. 105315
U.S. Attorney's Office
500 East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33349
Telephone: (305) 619-7484
Email: brooke.latta@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, on July 24, 2021.

/s/ *Brooke Elise Latta*
BROOKE ELISE LATTA
Assistant United States Attorney

4