UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-CR-60039-AHS

UNITED STATES OF AMERICA

v.

CLEON KIRLEW,

       Defendant.
_____/

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **CLEON KIRLEW** (hereinafter referred to as the "defendant"), a United States citizen, enter into the following agreement:

1. *Pleading Guilty to Counts 1 and 2 of the Superseding Indictment.* The defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment. Count 1 charges the defendant with conspiracy to commit sex trafficking of a minor, in violation of Title 18, United States Code Sections 1591(a)(1), (b)(1), and (c); all in violation of Title 18, United States Code, Section 1594(c). Count 2 charges the defendant with sex trafficking of a minor, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), and (c).

2. *Sentencing Guidelines.* The defendant is aware that the sentence will be imposed by the Court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter, the "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the United States Probation Office, which investigation will commence after the



guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines= advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

      3.    *Information Provided to USPO.* This Office reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant=s background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

      4.    *Penalties.* The defendant understands and acknowledges that the following statutory penalties apply in this case:

      a.    *Imprisonment.* As to Count 1 of the Superseding Indictment, pursuant to Title 18, United States Code, Section 1594(c), the Court may impose up to a statutory maximum term of imprisonment of life. As to Count 2 of the Superseding Indictment, pursuant to Title 18, United States Code, Section 1591(a)(1), (b)(1), and (c), the Court ***must*** impose a statutory minimum



term of imprisonment of fifteen (15) years. The Court may impose up to a statutory maximum term of imprisonment of life.

   b. *Supervised Release.* Pursuant to Title 18, United States Code, Section 3583(k), the Court *must* impose at least five (5) years, and up to life, of supervised release, following any term of imprisonment imposed.

   c. *Special Assessments.* Pursuant to Title 18, United States Code, Section 3013, a mandatory special assessment fee in the amount of $100 will be imposed on the defendant as to each count. Further, pursuant to Title 18, United States Code, Section 3014, an additional assessment of $5,000 will be imposed on the defendant. If the defendant is indigent, or otherwise financially unable to pay this special assessment amount, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the defendant's failure to pay.

   d. *Fines.* Pursuant to Title 18, United States Code, Section 3571(b)(3), a fine of no more than $250,000 can be imposed on the defendant, or pursuant to Title 18, United States Code, Section 3571(d), the defendant may be fined not more than the greater of twice the gross loss to a person resulting from the offense, or the gross gain to the defendant resulting from the offense. In determining the amount of the assessment, the Court shall consider the factors set forth in Title 18, United States Code, Section 3572.

   e. *Restitution and Civil Remedies.* The defendant understands, acknowledges, and agrees that restitution will be ordered in this case for all counts of the Superseding Indictment, as if he were convicted of all counts. Pursuant to Title 18, United States Code, Section 1593, restitution must be ordered in this case, to compensate the victims for the full amount of their losses. Restitution may include the amount of money that the victims earned, and the defendant retained,



while the victims were trafficked by the defendant. In addition, the victims may seek civil remedies against the defendant pursuant to Title 18, United States Code, Section 1595.

5. *Early Acceptance of Responsibility.* The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not make this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; and/or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of his bond, and/or making false statements or misrepresentations to any governmental entity or official.

6. *Victim Impact Statement.* The defendant agrees that the victims in this case have the legal right to be reasonably heard at any public proceeding, and agrees not to object to the victims' oral or written impact statements at these proceedings.

7. *Sentence will be determined by the Court.* The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the



probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant further understands and acknowledges that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence of no less than twenty (20) years' imprisonment, and no more than thirty (30) years' imprisonment.

9. *Departure or Variance from the Sentencing Guidelines.* The defendant is aware and understands that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum



authorized by law for the offense identified in paragraph 1 and that the defendant may **not** withdraw the guilty plea solely as a result of the sentence imposed.

10. *Forfeiture.* The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to: (1) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offenses of conviction, and any property traceable to such property; and (2) any property, real or personal, constituting or derived from, any proceeds that the defendant obtained, directly or indirectly, as a result of the offenses of conviction.

11. *General Waivers Regarding Forfeiture.* The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. *Assistance from the Defendant.* The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.



13.     *Registration as a Sex Offender.*  The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to Title 18, United States Code, Section 3583(d).  The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life.  The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.  The defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information.  The defendant understands that he will be subject to possible federal and state penalties, including criminal prosecution under Title 18, United States Code, Section 2250, for failure to comply with any such sex offender registration requirements.  If the defendant resides in Florida following release from prison, the defendant will be subject to the registration requirements of Florida state laws pertaining to sex offender registry.  The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

14.     As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the defendant's registration information.  The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.



15. *Appellate Waiver.* The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

16. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

17. By signing this agreement, the defendant acknowledges that the defendant has discussed the appellate waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

18. *Scope of the Agreement.* This agreement binds the defendant and the Southern District of Florida and is pertinent to this case only. The defendant understands that this agreement



does not prohibit prosecution for other crimes outside of this case or crimes in other jurisdictions outside of the Southern District of Florida.

19. *Entire Agreement.* This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 2/14/2022       By: /s/ Brooke Elise Latta
                          BROOKE ELISE LATTA
                          ASSISTANT UNITED STATES ATTORNEY

Date: 2/24/2022       By: _____
                          CARTER HILLSTROM
                          ATTORNEY FOR DEFENDANT

Date: 2/24/22         By: _____
                          CLEON KIRLEW
                          DEFENDANT

C/C