UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CLEON KIRLEW,<br><br>    Defendants. | CASE NO.:   21-CR-60039-AHS-2<br><br>**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT** |

**COMES NOW** Defendant CLEON KIRLEW, by and through his undersigned counsel and hereby files his objections to his draft Presentence Investigation Report [D.E. 84]. In addition to the limited objections listed herein, a departure-seeking sentencing memorandum will be filed separately.

**OBJECTIONS TO SPECIFIC OFFENSE CHARACTERISTICS**

Defendant objects to paragraph 62, which increases his offense level by two levels because "the minor [victim] was … in the custody, care or supervisory control of the defendant." U.S.S.G. § 2G1.3(b)(1)(B).

Co-defendant Shanteria Barnes recruited wayward children and turned them into prostitutes. The victim referenced in paragraph 62 was an 11-year-old runaway for whom Barnes acted as a "pimp." The Government alleges Defendant Kirlew engaged in a commercial sex act with the girl, by exchanging shelter (a hotel room) and gifts for sex.

Defendant's furnishing of shelter is what made his conduct a commercial sex act, which is the prohibited conduct listed in each count of the Indictment. To also classify this criminal conduct as "care" for a minor victim is A) absurd, and B) double-counting.

Defendant objects to paragraph 63, which increases his offense level by two levels because "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(B).

The U.S.S.G. application notes state there is a rebuttable assumption that this enhancement applies when a participant is at least 10 years older than the minor. That age gap clearly exists here. However,

the notes also state that this Court should consider "the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior."

It is undisputed – and incredibly sad – that the minor victim was exchanging sex for money before she ever encountered either defendant. Defendant Kirlew has to point out: <u>something or someone else</u> compromised the minor's behavior before his involvement. Under the facts of this particular case, Defendant did not unduly influence the victim, and the enhancement should not apply.

Defendant objects to <u>paragraph 64</u>, which increases his offense level by two levels because the offense "involved the use of a computer or an interactive computer service to … entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." U.S.S.G. § 2G1.3(b)(3)(B).

Defendant understands the state of the law, and that a cell phone is a computer. However, all sex trafficking conduct involving a cell phone was committed by co-defendant Barnes. The only allegations of digital communication by Kirlew are a few phone calls between the co-defendants, that were not directly related to their prohibited conduct. This enhancement should not apply.

**OBJECTION TO FACTORS THAT MAY WARRANT DEPARTURE AND/OR VARIANCE**

Defendant objects to <u>paragraph 147</u>.

The minor victim underwent an abortion, four to five weeks after her sexual contact with Defendant. The aborted fetus was approximately five weeks developed. The P.S.R. states "there is a <u>likelihood</u>" Defendant is responsible, and that likelihood may be a ground for an upward departure.

Shanteria Barnes sexually trafficked an 11-year-old. Sadly, Defendant was not the only man with whom the girl had sexual contact. There's a difference between a "likelihood" and a "possibility," and Defendant objects to the conclusion reached in paragraph 147.

[SIGNATURE BLOCK AND CERTIFICATE OF SERVICE FOLLOW]

Respectfully submitted,

*/s/ Carter T. Hillstrom*
CARTER T. HILLSTROM
Attorney for the Defendant
Florida Bar # 26211
Shemtov & Hillstrom, PLLC
612 SE 5th Ave., Suite 4
Fort Lauderdale, FL 33301
(954) 329-2222
(954) 462-7237 FAX
carter@shlawfl.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by the CM/ECF system on all counsel or parties of record.

*/s/ Carter T. Hillstrom*
CARTER T. HILLSTROM