UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLEON KIRLEW,

    Defendants.

CASE NO.:   21-CR-60039-AHS-2

**DEFENDANT'S SENTENCING MEMORANDUM**

**COMES NOW** Defendant CLEON KIRLEW, by and through his undersigned counsel, and submits the instant sentencing memorandum in connection with his sentencing on May 12, 2022. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), and for the reasons stated below, a sentence below the guidelines range is the appropriate and just sentence for the Defendant.

## INTRODUCTION

Kirlew is before the Court to be sentenced for his commission of Conspiracy to Commit Sex Trafficking of a Minor, and Sex Trafficking of a Minor.

An unindicted co-conspirator paid an 11-year-old for sex. This man introduced the victim to Kirlew, who persuaded her to perform sex acts in exchange for money and clothing. Further sex acts took place at a hotel in Oakland Park.

The men introduced the victim to co-Defendant Shanteria Barnes, who the co-conspirator promised could "help [the victim] make more money and be safer."

Barnes arranged 14-17 "dates" with unindicted predators at hotels throughout Broward County. Barnes also trafficked two other minor victims, and used Internet advertisements to do so. Barnes had a consistent *modus operandi*, in which she recruited runaways and teenaged group home residents for her human trafficking scheme.

Kirlew committed a sex act only against the 11-year-old victim. He attempted to have sex with one of the other minor victims, but was rebuffed.

Kirlew was arrested on a warrant several months later. He was arrested during a traffic stop, and was found with an adult (suspected) sex worker.

There exists no credible evidence that Kirlew advertised any minor victim for commercial sex, or that he profited it any way. In layman's terms, Barnes was a "pimp," Kirlew was a "john."

Kirlew understands his participation makes him criminally liable for the charges to which he pleaded guilty, and he accepts responsibility for same. A plea agreement leads the parties to jointly recommend a sentence between 240 and 360 months in the Bureau of Prisons, with a 15-year minimum mandatory. As calculated in the draft P.S.R., his offense level is 41, and his guideline imprisonment range is 324-405 months. Kirlew objects to three enhancements, and if objections are sustained his guidelines would be as follows:

All three: 168-210 months.   Two: 210-262 months.   One: 262-327 months.

## THE SENTENCING FACTORS UNDER 18 U.S.C. § 3553

The guidelines are not presumed to be reasonable, but just one of the many factors to be weighed when fashioning a sentence sufficient to satisfy the purposes set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007).

Under *Gall*, the advisory guidelines range is not to be given any particular weight in this Court's determination of an appropriate sentence. *United States v. Irey*, 612 F. 3d 1160, 1217 (11th Cir. 2010). This Court must conduct its own evaluation of the § 3553(a) factors and may reject the advisory guideline sentence. *Kimbrough v. United States*, 552 U.S. 85, 113 (2007).

Pursuant to 18 U.S.C. § 3553(a), this Court should consider a number of factors when determining a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing. These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence; the kinds of sentences available; the sentencing range determined by the

- 3 -

guidelines calculation; the need to avoid unwarranted sentence disparities among defendants; and the need to provide restitution. Some of these factors, as they apply to Kirlew, are discussed below.

### History and Characteristics of the Defendant

Kirlew's personal characteristics should be considered equally with the nature and circumstances of the offense. 18 U.S.C. § 3553(a); *see also United States v. Rodriguez*, 724 F. Supp. 1118, 1119 (S.D.N.Y. 1989).

Kirlew is a South Florida native with negligible criminal history. He is prepared at sentencing to provide expert testimony stating he is not a risk to reoffend sexually, and that he does not exhibit pedophiliac traits.

Kirlew has a strong family support system, and will present the Court testimony explaining his uneventful upbringing, and his family's faith in the unlikelihood he will repeat his criminal activity.

### Deterrence and Protection of the Public

This Court's consideration of this factor "unquestionably envisions more severe sentences for defendants considered more likely to commit further crimes and less severe sentences for those unlikely to commit crimes." *United States v. Rodriguez*, 724 F. Supp. 1118, 1120 (S.D.N.Y. 1989).

Again, Kirlew is prepared to provide expert testimony about a comprehensive risk assessment conducted at the outset of this case. Kirlew is not a risk to reoffend, and removing him from society for three decades will serve no legitimate purpose in protecting the public. Kirlew seeks a 20-year sentence that should deter similarly-situated men from conducting similar crimes, while protecting the public for an appropriate amount of time.

### The Need to Avoid Unwarranted Sentence Disparities among Defendants

This Court in 2021 was confronted with four traffickers who advertised commercial sex to be performed by a 13-year-old girl. *United States v. Horenstein* et al., case 2019-CR-20535-AHS. In the span of just three weeks, more than 100 sexual batteries were arranged by the traffickers. This Court

sentenced the four predators to terms of 120, 168, 168 and 192 months imprisonment. *Id.* at [D.E. 225-228].

Kirlew's crime, while terrible, pales in comparison to a racket that produced more than 100 sexual batteries. And yet he still asks this Court to give him more time – 240 months – than any of these predators received. A sentence of 30 years, which the Government seeks, is an unwarranted disparity that this Court should avoid.

## CONCLUSION

Kirlew stands before this Court, humbled and ashamed of his actions. Should the final guidelines call for a sentence above 240 months imprisonment, he prays that this Court depart from the guidelines and impose a 20-year term, followed by an appropriate period of supervised release.

Respectfully submitted,

*/s/ Carter T. Hillstrom*
CARTER T. HILLSTROM
Attorney for the Defendant
Florida Bar # 26211
Shemtov & Hillstrom, PLLC
612 SE 5th Ave., Suite 4
Fort Lauderdale, FL 33301
(954) 329-2222
(954) 462-7237 FAX
carter@shlawfl.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by the CM/ECF system on all counsel or parties of record.

*/s/ Carter T. Hillstrom*
CARTER T. HILLSTROM