UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60039-AHS

UNITED STATES OF AMERICA

vs.

CLEON KIRLEW,

    **Defendant.**

_____/

**UNITED STATES' RESPONSE TO DEFENDANT KIRLEW'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

  The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response to Defendant Kirlew's ("KIRLEW") Objections to the Presentence Investigation Report (hereinafter, "PSI") (DE:84).

**1. KIRLEW's Objection to Paragraph 62: Two-Level Enhancement Pursuant to § 2G2.1(b)(5)**

  KIRLEW objects to Paragraph 62, which provides for a two-level enhancement pursuant to § 2G2.1(b)(5), finding that he was a "parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, of supervisory control of the Defendant" (DE:84).

  A defendant is subject to a two-level enhancement to her base offense level under U.S.S.G. § 2G2.1(b)(5) in either of two situations. First, if the defendant "was a parent, relative, or legal guardian of the minor involved in the offense." U.S.S.G. § 2G2.1(b)(5). Or second, "if the minor was otherwise in the custody, care, or supervisory control of the defendant." *Id.* The commentary explains that this two-level enhancement is "intended to have broad application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently." *Id.* §

1

2G2.1 cmt. n.5(A). "For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject" to the increase. *Id.* In deciding whether a defendant qualifies, we are advised to "look to the actual relationship that existed between the defendant and the minor and not simply to the legal status" of that relationship. *Id.*

The instruction in the commentary that courts should apply § 2G2.1(b)(5) broadly and functionally guides our analysis. *See* U.S.S.G. § 2G2.1 cmt. n.5(A). The language of the commentary is broadly inclusive, stating that the enhancement "includes offenses involving a minor entrusted to the defendant." *Id.* (emphasis added); *see id.* § 1B1.1 cmt. n.2 ("The term 'includes' is not exhaustive."); *United States v. Newman*, 614 F.3d 1232, 1236–37 (11th Cir. 2010) ("Because the term 'includes' is not exhaustive, the definition of [another guideline provision] is not limited to the examples set out in the guidelines."). The commentary lists examples of who would fall within the scope of those having "custody, care, or supervisory control" over a minor, but it specifies that the examples are only "among those who would be subject to this enhancement." U.S.S.G. § 2G2.1 cmt. n.5(A) (emphasis added).

And the commentary twice notes that the § 2G2.1(b)(5) enhancement can apply to defendants entrusted with the victim only *temporarily*, meaning there is no requirement that the defendant and the victim have a long-term relationship. *See id.* Finally, the commentary instructs courts to consider the "actual relationship" instead of just the "legal status" between the defendant and the victim, which requires a functional approach instead of a formalistic one. *See id.*

As applied here, under the plain meaning of being in someone's "care," the victim was "in the care of" KIRLEW and his co-defendant, Shanteria Barnes ("Barnes"), when she was sexually abused. When Victim 1 encountered KIRLEW and Barnes, she was a runaway from a juvenile program. KIRLEW and Barnes provided shelter for Victim 1, to include a place to sleep.

2

Specifically, Victim 1 slept and stayed with KIRLEW at a hotel for days. KIRLEW and Barnes were looking after the minor, who was 11 years old. During this time, Victim 1 had neither a cell phone, vehicle, a driver's license, or money. While Victim 1 was alone with KIRLEW and Barnes, the defendants were the adults responsible for looking after the Victim 1's wellbeing. She was in their care.

Another similarity to a temporary caretaker was that KIRLEW had a broadly comparable degree of authority over Victim 1. *Cf. United States v. Murrell*, 368 F.3d 1283, 1289–90 (11th Cir. 2004) (interpreting "custody, care, or supervisory control" as used in U.S.S.G. § 2G1.1 cmt. n.8 and holding that it applied to someone who "exercised such authority" over the minor as to "direct or command [her] actions"). KIRLEW's 23-year age difference over Victim 1, and having established himself as a temporary provider for Victim 1, are facts that show KIRLEW had authority over Victim 1 while he was alone with her. *See Alfaro*, 555 F.3d at 500 ("[T]his Court concludes that the 20-year age difference between [the defendant] and his teenage minor victim ... mitigates against a finding that the two were 'peers.'"); *see also United States v. Blackbird*, 949 F.3d 530, 532 n.2 (10th Cir. 2020) ("While age is not dispositive, we consider it a relevant factor in determining whether a minor is in defendant's custody, care, or supervisory control.") (interpreting "custody, care, or supervisory control" as used in U.S.S.G. § 2A3.2(b)(1)); *Gonyer*, 761 F.3d at 170 (affirming enhancement and noting that one of the reasons the district court applied the enhancement was "the stark 26-year age difference" between the defendant and victim).

Lastly, KIRLEW stipulated in his factual proffer that Victim 1 "stayed at the Oakland Days Inn for three nights" with him; arranged for Victim 1 to engage in commercial sex acts with other men; and Victim 1 engaged in sex with KIRLEW. This further extends to Victim 1's compliance

3

in performing commercial sex acts at KIRLEW's request. That shows KIRLEW's authority. *Cf. Murrell*, 368 F.3d at 1290 (undercover agent had "custody, care, or supervisory control" over fictitious minor daughter when he "was in a position to direct or command the actions of the" fictitious daughter) (emphasis added).

2. **KIRLEW's Objection to Paragraph 63: Two-Level Enhancement Pursuant to § 2G1.3(b)(2)(B)**

KIRLEW objects to being assessed two-levels pursuant to U.S.S.G. § 2G1.3(b)(2)(B), alleging he was a participant who "otherwise unduly influenced a minor to engage in prohibited sexual conduct".

Application Note 3 of Subsection (b)(2) specifies that "in a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies." The note further states, "in such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor".

As previously mentioned, the Defendant is 23-years older than Victim 1, which provides for a rebuttal presumption that this enhancement does apply.

3. **KIRLEW's Objection to Paragraph 64: Two-Level Enhancement Pursuant to § 2G1.3(b)(3)(B)**

KIRLEW argues that this two-level enhancement does not apply as this offense did not involve the use of a computer. Specifically, KIRLEW argues that "all sex trafficking conduct involving a cell phone was committed by co-defendant Barnes" (DE:85 at 2).

Pursuant to U.S.S.G. '2G1.3(b)(3)(B), a defendant's offense level is increased by two levels "[i]f the offense involved the use of a computer or an interactive computer service to ... entice, encourage, offer or solicit a person to engage in prohibited sexual contact with a minor." This enhancement "is intended to apply only to the use of a computer or an interactive computer service

4

to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." U.S.S.G. § 2G1.3 cmt. n. 4.FN4.

A computer is defined at 18 U.S.C. § 1030(e)(1) as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or similar device."

As an initial matter, it is undisputed that KIRLEW's cell phone falls within the definition of a computer (DE:85 at 2). However, notably, KIRLEW used his cell phone to communicate with co-defendant Barnes, regarding Victim 1. Specifically, KIRLEW used his cell phone to call Barnes, for the purpose of coming to the Oakland Days Inn to meet Victim 1, further facilitating the conspiracy. KIRLEW admits such in his factual proffer: "KIRLEW also called Barnes and told her to come to the Oakland Days Inn so that she could meet Minor Victim 1" (DE:72 at 2).

KIRLEW also utilized his cell phone to call other customers for Victim 1 to engage in commercial sex acts with. In the case of *United States v. Carmona*, the Eleventh Circuit found that the enhancement for use of a computer applied in a case where the evidence established that the defendant used his cell phone to post ads for a minor's prostitution services and to communicate with clients. *U.S. v. Carmona*, 377 Fed. Appx. 249, 2010 WL 1677237 (C.A.3 (N.J.). In *Carmona*, the Court explained, "Although the commentary to U.S.S.G. § 2G1.3 suggests that the enhancement 'is intended to apply only to the use of a computer or interactive computer service to communicate directly with a minor or guardian, comment. (n.4), we have held that this commentary is patently inconsistent with the plain language of the guideline and that the guideline's plain language controls. *See United States v. Hill*, 783 F.3d 842, 846 (11th Cir.2015).

5

In *Hill*, we affirmed the application of the enhancement to a defendant's use of a cell phone to place online ads offering minors for sex. *Id.* at 845–46." *Id.*

In the present case, the evidence supports the enhancement because the cell phone was the mechanism that KIRLEW used to solicit customers, and was used by KIRLEW to communicate about Victim 1 with co-defendant Barnes.

**4. KIRLEW's Request for a Downward Variance**

KIRLEW lastly urges this court for a downward variance. The government would reserve arguments for sentencing.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  ***Brooke Elise Latta***
Brooke Elise Latta
Assistant United States Attorney
Florida Bar No. 105315
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301